UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

VLADIMIR JEANTY,

          Plaintiff,      6:22-cv-319 (BKS/TWD)

v.

DAVID BAGLEY, ESQ.,

          Defendant.

---

**Appearances:**

*Plaintiff pro se:*
Vladimir Jeanty
Arverne, NY 11692

*For Defendant:*
Laura L. Spring
Cohen Compagni Beckman Appler & Knoll, PLLC
507 Plum Street, Suite 310
Syracuse, NY 13204

**Hon. Brenda K. Sannes, Chief United States District Judge:**

MEMORANDUM-DECISION AND ORDER

**I. INTRODUCTION**

Pro se plaintiff Vladimir Jeanty commenced this action under 42 U.S.C. § 1983 against Defendants City of Utica, Charles Brown, Anthony Martino, Edin Selimovic, Melissa Sciortino, William Borrill, and Zachary Oren (the "City Defendants") and David Bagley, Esq., asserting claims for violations of the First and Fourteenth Amendments arising out of Defendants' alleged failure to provide photographs sought in a New York Freedom of Information Law ("FOIL") request made by Plaintiff. (*See generally* Dkt. No. 32 (amended complaint)). On April 13, 2023, the Court issued a ruling on Defendants' respective motions to dismiss the amended complaint

(the "April 13 Decision") in which it (1) dismissed all of Plaintiff's claims against the City Defendants, (2) denied Bagley's motion to dismiss the amended complaint to the extent that Plaintiff's First Amendment retaliation claim survived, and (3) otherwise granted Bagley's motion to dismiss. (Dkt. No. 69). Presently before the Court is Bagley's motion pursuant to Federal Rule of Civil Procedure 60(b) for reconsideration of the portion of the April 13 Decision "that denied Mr. Bagley's motion to dismiss Plaintiff's First Amendment Retaliation Claim as against Mr. Bagley." (Dkt. No. 72; Dkt. No. 72-1, at 5). Plaintiff opposes the motion. (Dkt. No. 77). For the following reasons, Bagley's motion for reconsideration is denied.

## II.     PROCEDURAL AND FACTUAL BACKGROUND

The Court assumes familiarity with the procedural and factual background of this case, as set forth in the April 13 Decision. (Dkt. No. 69).

## III.    STANDARD OF REVIEW

In general, a motion for reconsideration may only be granted upon one of three grounds: (1) an intervening change of controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice. *United States v. Zhu*, 41 F. Supp. 3d 341, 342 (S.D.N.Y. 2014) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)); *see also Shannon v. Verizon N.Y., Inc.*, 519 F. Supp. 2d 304, 307 (N.D.N.Y. 2007). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). When adjudicating a motion for reconsideration, a court need not consider arguments that were raised for the first time in the pending motion. *See Phillips v. City of New York*, 775 F.3d 538, 544 (2d Cir. 2015); *Gun Hill Rd. Serv. Station, Inc. v. ExxonMobil Oil Corp.*, No. 08-cv-7956, 2013 WL 1804493, at *1, 2013 U.S. Dist. LEXIS 63207, at *3–4 (S.D.N.Y. Apr. 18, 2013). Moreover, reconsideration "will generally be denied unless the moving party can point to

controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Gun Hill Rd. Serv. Station*, 2013 WL 1804493, at *1, 2013 U.S. Dist. LEXIS 63207, at *3 (citing *Shrader*, 70 F.3d at 257). "The standard for reconsideration is strict and is committed to the discretion of the court." *SEC v. Wojeski*, 752 F. Supp. 2d 220, 223 (N.D.N.Y. 2010), *aff'd sub nom. Smith v. SEC*, 432 F. App'x 10 (2d Cir. 2011); *see also New York v. Parenteau*, 382 F. App'x 49, 50 (2d Cir. 2010) (summary order) ("A motion for reconsideration is 'generally not favored and is properly granted only upon a showing of exceptional circumstances.'" (citation omitted)).

## IV.   ANALYSIS

In the April 13 Decision, the Court noted that "Plaintiff's second cause of action is labeled as a claim for '1st Amendment Denial of Access to Court, Retaliation.'" (Dkt. No. 69, at 22 n.17 (quoting Dkt. No. 32, at 14)). Because "Bagley's motion to dismiss d[id] not address Plaintiff's First Amendment retaliation claim," (*id.*), the Court denied Bagley's motion to dismiss the amended complaint to the extent it sought dismissal of the First Amendment retaliation claim, (*id.* at 28 (ordering that the First Amendment retaliation claim against Bagley survives); *see also* Dkt. No. 50-1 (Bagley's motion to dismiss memorandum)). Bagley moves for reconsideration of this portion of the April 13 decision, arguing that the Court's denial constitutes a clear error of law and/or a manifest injustice. (*See generally* Dkt. No. 72-1). Bagley argues that he did not address a First Amendment retaliation claim because "it was only labeled in the header of the cause of action and there were absolutely no allegations contained in the Amended Complaint to support or even suggest the elements of a First Amendment Retaliation Claim." (*Id.* at 7; *see id.* at 9 (arguing that "there is no factual basis for a First Amendment Retaliation Claim" in the amended complaint)). Plaintiff responds that Bagley has not met the strict standard for reconsideration because the amended complaint sets forth factual allegations

3

underlying a retaliation claim and his opposition to the motions to dismiss "clearly outlined [his] argument in support" of such a claim. (Dkt. No. 77, at 7–8).

The Court concludes that Bagley has not demonstrated that the Court's denial of his motion to dismiss the First Amendment retaliation claim constitutes a clear error of law or manifest injustice. First, Bagley is simply incorrect that the amended complaint contains no factual allegations which might support a First Amendment retaliation claim.[1] For example, Plaintiff alleged that he was prosecuting a lawsuit in federal court and that he submitted multiple FOIL requests, which could be considered protected activity. (Dkt. No. 32, ¶¶ 15–20). Plaintiff also alleged that Defendants denied his FOIL request, which appears to be conduct Plaintiff relies on as an adverse action. (*Id.* ¶¶ 22–25, 54). Even more specifically, Plaintiff alleged that he "has not filed any new FOIL request with Sciortino or the City of Utica because Jeanty fears and knows that they will not be complied with" and that he "wishes to file 3 additional FOIL request[s] related to the [federal lawsuit] with the Records Access Officer for the City of Utica but cannot because Oren and Borrill will find out and Jeanty's request will not be fulfilled in accordance [with] FOIL." (*Id.* ¶¶ 82–83). Read liberally, these factual allegations suggest chilling of Plaintiff's speech, which is an adverse action for purposes of a First Amendment retaliation claim. *See Dorsett*, 732 F.3d at 160.

Given these allegations, this case is distinguishable from *Aron v. Becker*, 48 F. Supp. 3d 347 (N.D.N.Y. 2014), which Bagley cites to support his argument that a "mention in the header

---

[1] To state a First Amendment retaliation claim, a plaintiff must allege that: (1) "his speech or conduct was protected by the First Amendment; (2) the defendant took an adverse action against him; and (3) there was a causal connection between this adverse action and the protected speech." *Cox v. Warwick Valley Centr. Sch. Dist.*, 654 F.3d 267, 272 (2d Cir. 2011) (citations omitted). An "adverse action" is "conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights." *Id.* at 273; *see also Dorsett v. County of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013) (noting that a First Amendment retaliation plaintiff must "show *either* that his speech has been adversely affected by the government retaliation or that he has suffered some other concrete harm" and collecting cases).

4

of a cause of action does not trigger an obligation by the Defendant to address [the claim]" in a Rule 12(b)(6) motion to dismiss. (Dkt. No. 72-1, at 7). In *Aron*, the court stated that the first cause of action in the complaint "asserts a claim under the ADA" and further noted: "Although the header also mentions 'Due Process' and 'Plaintiff's Right of Access to Courts,' none of the allegations supporting the First Cause of Action present claims under the Fourteenth or First Amendments." 48 F. Supp. 3d at 377 & n.17. Here, by contrast, there are allegations on which to base a First Amendment retaliation claim.[2] More instructive is the Second Circuit's recent decision in *Quinones v. City of Binghamton*, 997 F.3d 461 (2d Cir. 2021). There, the district court "declined to consider" the plaintiff's discrimination claim because that claim was not "enumerated" in the complaint. *Id.* at 468. The Second Circuit vacated this portion of the district court's judgment and remanded, noting that the factual allegations in the complaint "d[id] in fact assert a discrimination claim." *Id.* at 468–69. Because the complaint "sufficiently informed Defendants of the factual basis for a discrimination claim despite [the plaintiff's] failure to enumerate it as a separate cause of action," the district court should have addressed the discrimination claim. *Id.* at 469 (internal quotation marks, brackets, and citation omitted).[3] Here, the amended complaint alleged facts informing Bagley of the factual basis for a First Amendment retaliation claim *and* enumerated the retaliation claim in the header of the second

---

[2] Bagley points out that the April 13 Decision makes note of the amended complaint's reference to "Section Twelve, Article One of the New York State Constitution" and that the Court dismissed that "alleged claim" "without discussion." (Dkt. No. 72-1, at 8 (citing Dkt. No. 69, at 8 n.7)). Bagley argues that the Court should treat Plaintiff's First Amendment retaliation claim similarly. The Court disagrees. The Court stated that it would not address this constitutional provision further because Plaintiff's factual allegations d[id] not appear to implicate this provision," which protects against "unreasonable searches, seizures and interceptions." (Dkt. No. 69, at 8 n.7). As discussed above, the amended complaint's factual allegations do implicate a First Amendment retaliation claim.

[3] The Second Circuit emphasized that the question of whether a complaint "sufficiently identifies a [] claim at all, such that the district court should have addressed it" is "separate" from the question of whether the complaint's factual allegations "show that the claim has substantive plausibility." *Id.* (brackets and citation omitted). The Court expresses no opinion on whether Plaintiff's First Amendment retaliation claim would survive a properly briefed motion to dismiss.

5

cause of action, and thus Bagley and the Court were obligated to address the claim on a motion to dismiss the amended complaint in its entirety.

The Court's conclusion is buttressed by the fact that, in opposition to Defendants' motions to dismiss the amended complaint, Plaintiff spent almost five pages addressing a First Amendment retaliation claim. (Dkt. No. 61, at 11–16). Plaintiff both outlined the applicable law and presented arguments in support of such a claim. (*See id.*).[4] Bagley filed a reply memorandum and still did not address a First Amendment retaliation claim, other than a cursory argument that Plaintiff was "attempting to back door in some type of retaliation claim based on his FOIL request[s] . . . and [Defendants'] allegedly manipulating/modifying the 22 photographs['] metadata in 2012, again these issues have been litigated." (Dkt. No. 68, at 6). Given the lengthy attention Plaintiff gave to his First Amendment retaliation claim in his opposition—which was consistent with and based on factual allegations in the amended complaint—Bagley cannot now claim that he was "blindsided" by a First Amendment retaliation claim. *See Quinones*, 997 F.3d at 469; *see also Davidson v. Fitzgerald*, No. 21-cv-63, 2021 WL 6125617, at *5, *6, 2021 U.S. Dist. LEXIS 246400, at *12, *15 (D. Conn. Dec. 28, 2021) (allowing a pro se plaintiff's retaliation claim to proceed where a "retaliatory motive can be inferred from the allegations" in the amended complaint, the plaintiff "clarifie[d] his claim" in his opposition memorandum, and the defendants "ha[d] not addressed" the retaliation claim).

In sum, Bagley has not demonstrated that the Court committed a clear error of law or a manifest injustice, and his motion for reconsideration is denied.

---

[4] Plaintiff's opposition separately addressed his First Amendment denial of access to the courts claim. (*Id.* at 16–18). Although Bagley now argues that the dismissal of Plaintiff's claim for denial of access to the courts means "there is no predicate basis for a retaliation claim," (Dkt. No. 72-1, at 7), Bagley fails to cite caselaw or engage in a factual analysis showing how Plaintiff's First Amendment retaliation claim is in any way dependent on a successful First Amendment claim for denial of access to the courts.

## V.     CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant David Bagley, Esq.'s motion for reconsideration (Dkt. No. 72) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court is directed to serve this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: <u>August 11, 2023</u>
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge